UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUGUSTIN JAVIER AMBRIZ-PERALTA,

    Petitioner,

v.                                        CASE NO. 8:12-CV-424-T-30MAP
                                              CRIM. CASE NO. 8:03-CR-395-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Petitioner proceeding *pro se* filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (CV Dkt. 1), and a memorandum of law in support of the § 2255 motion. Petitioner challenges his 2004 guilty plea convictions for conspiracy to distribute and to possess with intent to distribute 500 grams or more of methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime (CR Dkts. 28, 47). Petitioner contends that his trial counsel rendered ineffective assistance by failing to inform him that his guilty plea carried a risk of deportation.

The Court has undertaken a preliminary review of the § 2255 motion and memorandum of law, together with the record of the prior criminal proceedings, as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. After doing so, the Court concludes that the § 2255 motion is due to be summarily

dismissed without the necessity of a response from Respondent or an evidentiary hearing because it plainly appears from the face of the § 2255 motion, memorandum of law, and the underlying criminal proceedings that Petitioner is entitled to no relief because the § 2255 motion is time-barred.

## DISCUSSION

The timeliness of Petitioner's § 2255 motion is governed by 28 U.S.C. § 2255(f). § 2255 (f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On January 30, 2004, Petitioner pleaded guilty pursuant to a written plea agreement (CR Dkts. 24, 28). On June 22, 2004, he was sentenced to 135 months imprisonment to be followed by 60 months supervised release (CR Dkt. 46). The Court entered its judgment on June 24, 2004 (CR Dkt. 47). Petitioner did not file a direct appeal. Therefore, the judgment

2

of conviction became final on July 9, 2004, upon expiration of the time for Petitioner to file a direct appeal. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (when defendant does not file a direct appeal, conviction becomes final 10 business days after the district court's judgment is entered) (citing Fed. R.App. P. 4(b)(1)). Petitioner had until July 9, 2005, in which to file his § 2255 motion. Petitioner did not file the instant § 2255 motion until February 16, 2012 (CV Dkt. 1 at 8). Consequently, his § 2255 motion is untimely under § 2255(f)(1).

Petitioner argues that his § 2255 motion is timely under § 2255(f)(3) because it was filed within one year from the June 29, 2011 decision in *United States v. Orocio*, 645 F.3d 630 (3rd Cir. 2011) which held that the Supreme Court's decision in *Padilla v. Kentucky*[1] is retroactively applicable on collateral review (CV Dkt. 2 at 3-6). *Id*. at 634. Under 2255(f)(3), the one-year limitation period to file a § 2255 motion runs from "*the date on which the right asserted was initially recognized by the Supreme Court*, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (emphasis added). The right asserted by Petitioner, a criminal defendant's right to be informed whether his plea carries a risk of deportation, was "initially recognized" in the Supreme Court's decision in *Padilla* on March 31, 2010. Therefore, Petitioner's §

---

[1]*Padilla v. Kentucky*, 130 S.Ct. 1473 (2010) held that effective assistance required counsel to provide the client with available advice about an issue like deportation.

3

2255 motion is untimely under § 2255(f)(3) because it was filed more than one year after the date *Padilla* was decided.[2]

Moreover, Petitioner's conviction was final long before the Supreme Court's ruling in *Padilla*. Therefore, to obtain the benefit of the *Padilla* ruling, Petitioner must establish that the rule announced in *Padilla* is retroactively applicable to convictions on collateral review. *See Teague v. Lane*, 489 U.S. 288 (1989). The Third Circuit has held that *Padilla* is retroactive. *See Orocio*, 645 F.3d 630. The Seventh and Tenth Circuits, however, have held that *Padilla* is not retroactive. *Chaidez v. United States*, 655 F.3d 684 (7th Cir. 2011) (*Padilla* not retroactive); *United States v. Chang Hong*,    F.3d   , No. 10-6294, 2011 U.S. App. LEXIS 18034, 2011 WL 38057630 (10th Cir. Aug. 30, 2011) (same). *See also United States v. Hernandez-Monreal*, 404 F. App'x 714, 715, n.* (4th Cir. 2010) ("[N]othing in the *Padilla* decision indicates that it is retroactively applicable to cases on collateral review."). This Court finds the opinions by the Seventh and Tenth Circuits persuasive, and concludes that *Padilla* created a new rule that is not retroactive to cases on collateral review. Consequently, because *Padilla* does not apply retroactively to cases on collateral review, the limitation period under § 2255(f)(3) does not apply to Petitioner's § 2255 motion. Therefore,

---

[2]Petitioner argues that he could not have filed his claim pursuant to *Padilla* until the Third Circuit Court of Appeals issued its opinion in *Orocio* and concluded that *Padilla* applied retroactively to cases on collateral review (CV Dkt. 2 at 4). Petitioner is incorrect because in an initial § 2255 motion, even a district court may determine retroactive applicability of a new right created by the Supreme Court. *See Dodd v. United States*, 365 F.3d 1273, 1280-81 (11th Cir. 2004) ("Because a petitioner need not wait for the Supreme Court to address the issue of retroactivity, he may assert a claim in a district court as soon as a new right is recognized by the Supreme Court -- in the hope, of course, that the district court will find the new right retroactively available on collateral review.").

Petitioner's § 2255 motion was not filed within one year of any of the qualifying events described in § 2255(f).

## Conclusion

For the foregoing reasons, Petitioner's § 2255 motion is time-barred.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's motion to vacate, set aside, or correct sentence (CV Dkt. 1) is **DISMISSED** as time-barred.

2. The Clerk shall terminate all pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255

motion is clearly time-barred, and his claim is without merit, Petitioner cannot satisfy either prong of the *Slack* test.  529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis* because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Petitioner shall be required to pay the full amount of the appellate filing fee pursuant to § 1915(b)(1) and (2).

**DONE** and **ORDERED** in Tampa, Florida on March 7, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner *pro se*